J-S20025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFAEL LEVI | : | |
| | : | |
| Appellant | : | No. 1560 MDA 2020 |

Appeal from the PCRA Order Entered November 18, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002832-2017

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                      **FILED JULY 29, 2021**

Appellant, Rafael Levi, appeals from the order entered in the Dauphin County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts and procedural history of this appeal as follows:

> [Appellant] was charged with a total of seven hundred eighty-four (784) charges related to a large fraudulent scheme dubbed "Operation Car Wash" that was investigated by the Pennsylvania Attorney General's Office.  [Appellant] ultimately pled guilty on March 9, 2018 to a total of thirty-six (36) counts: [one count of conspiracy, twenty-one counts of theft by deception, one count of failure to make required disposition of funds, thirteen counts of insurance fraud, and one count of washing vehicle titles].
>
> Sentencing was deferred for completion of an evidence-based presentence investigation and risk assessment

("PSI"). On June 21, 2018, [Appellant] was sentenced to an aggregate term of five (5) to ten (10) years of incarceration at a state correctional institution, followed by five (5) years of probation. [Appellant] was ordered to pay restitution in the amount of $1,500,000 joint and several with his co-defendants…. Additionally, [Appellant's] date to report to prison was deferred to July 2, 2018. No direct appeal was taken.

On February 7, 2019, [Appellant] field a Petition for Modification of Sentence and/or Release of the Petitioner Pursuant to 61 Pa.C.S.A. § 81. [The c]ourt denied the petition as an untimely post-sentence motion, as well as that [it] lacked jurisdiction pursuant to 42 Pa.C.S.A. § 5505. On June 25, 2019, [Appellant] filed a timely Petition for [PCRA] Relief. [The c]ourt appointed … PCRA counsel. On December 19, 2019, [Appellant] filed a counseled Amended [PCRA] Petition.[1] The Commonwealth filed a response on December 31, 2019.

After reviewing the case in February 2020, [the c]ourt attempted to set up a conference with counsel to determine the need for an evidentiary hearing, and when it could be scheduled. [The court was] unable to get a conference call in before the courts closed in March 2020 due to the COVID-19 pandemic. [The c]ourt attempted to schedule a phone conference on April 30, 2020, but the date did not work for all counsel. A telephone conference was eventually scheduled, and held, on July 22, 2020, wherein it was determined that an evidentiary hearing was necessary, and scheduled it for August 25, 2020.

(PCRA Court Opinion, filed September 3, 2020, at 1-3) (internal footnotes omitted).

_____

[1] Appellant's amended petition included one issue: "trial counsel failed to raise on Post-Sentence Motion and preserve for appellate review the issue that imposing sentence of lengthy incarceration may be a circumstance that creates a punishment that is excessive as to constitute being too severe." (Amended PCRA Petition, filed 12/19/19, at ¶10).

After conducting the evidentiary hearing, the court dismissed Appellant's petition on November 18, 2020. On December 15, 2020, Appellant timely filed a notice of appeal. On December 22, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on January 12, 2021.

Appellant raises the following issue for our review:

> The PCRA Court erred by denying [Appellant's] claims that his counsel was ineffective, where he failed to raise on post-sentence motion and preserve for appellate review the issue that imposing sentence of lengthy incarceration may be a circumstance that creates a punishment that is excessive as to constitute being too severe, and counsel did not have a reasonable basis for the act or omission in question and that the failure caused prejudice to Appellant.

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 513 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

On appeal, Appellant acknowledges that he entered an open guilty plea,

but he claims that he did not understand the consequences of his plea at the time of entry. Appellant asserts that during plea negotiations, plea counsel told Appellant that state prison was off the table and, at most, he would spend twelve months in a work release center. Following sentencing, Appellant insists he reached out to plea counsel and asked if anything could be done about the sentence, but plea counsel insisted there was nothing he could do about it.

Appellant maintains his sentence of imprisonment is too severe because he suffers from advanced kidney disease. Appellant also argues that plea counsel's failure to challenge the sentence in a post-sentence motion was not designed to effectuate Appellant's best interests. Appellant contends he suffered prejudice because plea counsel's inaction resulted in the waiver of a meritorious challenge to the discretionary aspects of his sentence. Appellant concludes that plea counsel was ineffective for failing to file a post-sentence motion challenging the sentence imposed, and the PCRA court erred by dismissing his current petition. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the

outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-195 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

When challenging the discretionary aspects of a sentence, an appellant

must demonstrate that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Watson**, 228 A.3d 928 (Pa.Super. 2020). **See also** Pa.R.A.P. 2119(f). This requirement "furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." **Id.** at 935 (quoting **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009)).

A substantial question regarding the propriety of a sentence exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000) (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Commonwealth v. Mouzon**, 571 Pa. 419, 435, 812 A.2d 617, 627 (2002). Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. **Id.** at 435, 812 A.2d

at 627.

"[A]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Additionally, where the sentencing court had the benefit of a PSI report, we can presume the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. ***Commonwealth v. Tirado***, 870 A.2d 362, 366 n.6 (Pa.Super. 2005).

Instantly, Appellant and plea counsel appeared at the PCRA hearing. Appellant testified that, following sentencing, he asked plea counsel "is there anything we can do about the sentencing[.]" (N.T. PCRA Hearing, 8/25/20, at 11). Appellant also claimed he informed plea counsel about his health issues. (***See id.*** at 12-13). According to Appellant, plea counsel responded that there was nothing he could do about the sentence imposed. (***Id.*** at 11).

Plea counsel testified about his interactions with Appellant prior to the entry of the plea. Plea counsel advised Appellant about the maximum sentences he faced and explained the concept of an "open" guilty plea. (***Id.*** at 21, 23). Plea counsel denied guaranteeing Appellant that he would receive a particular sentence. (***Id.*** at 22). After the court accepted Appellant's plea

and imposed the sentence of imprisonment, the court "read through the colloquy giving [Appellant] his post-sentence rights in detail, and [Appellant] had no questions and expressed understanding." (*Id.* at 24).

Plea counsel admitted that he spoke with Appellant after sentencing, and Appellant did inquire as to whether anything could be done about his sentence:

> His expression to me was is there anything we can do … about this sentence? And my counseling, or my—my assessment was that all of the sentences, as well as the concurrent nature of those sentences, or the consecutive nature of those sentences were within the discretion of the judge. We did everything we could. We even brought forth factors such as [Appellant's] health and his poor health, made the judge aware of that prior to the pronouncement of sentence. And so there's nothing more that I could do, or that we could do in my assessment.

*Id.* at 24-25. After plea counsel provided this advice, Appellant did not ask plea counsel to take further action. (*Id.* at 25).

In light of this testimony, the PCRA court determined Appellant's sentencing claim lacked arguable merit:

> [Appellant] does not allege that he asked [plea] counsel to file a direct appeal and [plea] counsel failed to do so. Rather, he generally argues that he was upset with the length of his sentence and asked [plea] counsel if there was anything that could be done about it. [Plea] counsel informed [Appellant] that there was no agreement with the [Commonwealth] as to length of sentence, that sentencing was in the discretion of the trial judge, and that he was sentenced within the standard range. Thereafter, [Appellant] did not request [plea] counsel to file an appeal.

(PCRA Court Opinion at 6-7).

Here, the PCRA court credited plea counsel's testimony and found that Appellant did not specifically request the filing of a post-sentence motion or notice of appeal. Because plea counsel's testimony supports the PCRA court's findings, we defer to those findings. **See Boyd, supra.** Further, we emphasize that the sentencing court had the benefit of a PSI report. Therefore, we can presume that the court was aware of all relevant sentencing considerations, including Appellant's chronic health issues. **See Tirado, supra**. Under these circumstances, the court properly determined that there was no merit to Appellant's ineffectiveness claim.[2] **See Poplawski, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/29/2021

---

[2] In his brief, Appellant also claims that plea counsel was ineffective for failing "to provide adequate advice to allow Appellant to make an intelligent decision regarding the guilty plea…." (Appellant's Brief at 12). Appellant, however, failed to include this distinct ineffectiveness claim in his amended PCRA petition, and the claim is waived on this basis. **See Commonwealth v. Bedell**, 954 A.2d 1209, 1216 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009) (explaining that issues not raised in PCRA petition are waived).